IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| GHASAN SAAD,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Respondents. | 4:25-cv-00359-SHL-HCA<br><br><br>ORDER GRANTING MOTION TO DISMISS |

Petitioner Ghasan Saad, a state prisoner and native of Sudan, filed this petition pursuant to § 2241 without assistance of counsel. (ECF 1; ECF 7.) He asks the Court to appoint counsel and, apparently, to release him from an immigration hold. Respondents move to dismiss the petition. (ECF 10.) For the following reasons, the Court GRANTS Respondents' Motion to Dismiss because Petitioner has not stated a claim upon which relief may be granted. The Court GRANTS Petitioner's Motion for Leave to Proceed in forma pauperis (ECF 6) and DENIES AS MOOT his Motion to Appoint Counsel. (ECF 9.)

I.    **BACKGROUND**.

On September 24, 2025, Petitioner filed a hand-written document in the United States District Court for the Northern District of Iowa entitled "Petitioner's Rights Request Hearing on Immigration Case." (ECF 1). He did not identify any respondents. Saad was—and remains[1]—incarcerated at the Newton Correctional Facility ("NCF") in Newton, Iowa. He asserted that he was in the custody of Immigration and Customs Enforcement ("ICE") and sought a "[h]earing on a before matter discussed about my Immigration RIGHT and status being a US Citizen due [to] being convicted of a crime and Released from the Hold by I.C.E." (Id.) He also asked the Court "to appoint Counsel and Come to an agreement that has already been discussed to not detain

---

[1] https://doc-search.iowa.gov/offender/detail?offenderNumber=6939740 (last visited December 29, 2025).

threatening my citizenship." (Id., p. 2; *see also* ECF 2.) Petitioner stated that he brought this request under 18 U.S.C. § 2241. (ECF 1, p. 2.)

The case was transferred to this District because Petitioner is in custody at NCF, which is in the Southern District of Iowa. (ECF 3.) The transfer order identified the Department of Homeland Security ("DHS") and ICE as Respondents. (Id.) Upon transfer, the Court conducted an initial screening of Petitioner's filing and instructed him to amend his petition to provide additional information to clarify the relief he sought and the basis for such relief. (ECF 5.)

Petitioner filed an amended petition for habeas corpus on October 28, 2025. (ECF 7.) In his amended petition, he checked boxes indicating that he is serving a state sentence imposed by the Iowa District Court for Johnson County and being held on an immigration charge. (Id., p. 1.) Petitioner further indicates that he is challenging his immigration detention and "await[s] counsel." (Id., pp. 1, 3.) He explains that "this matter has been resolved in the past being a state court issue that resulted myself being on probation, but since I was in state court again that revoked the probation from a simple misdemeanor charge." (Id., p. 9.) He states he "is seeking representation to continue [his] citizenship from the mistake made completing treatment within [NCF] and lifting this immigration hold by court order." (Id.) Petitioner asks for the appointment of counsel to help show the Court that he is "no threat to society." (Id.; *see also* ECF 9.)

Respondents move to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a cause of action under Fed. R. Civ. P. 12(b)(6). (ECF 10.) In their filing, Respondents helpfully provided documents pertaining to Petitioner's state court proceedings, which include an adjudication of guilt in March 2024 for sexual abuse in the third degree, which resulted in an indeterminate sentence not to exceed ten years and a lifetime special sentence. (ECF 10-2; *see also* ECF 10-3–5.) Respondents also attached an "Order of the Immigration Judge" dated July 8, 2021, finding Petitioner removable under Immigration and Nationality Act §§ 237(a)(2)(A)(i) and (iii)[2] and ordering removal to Sudan. (ECF 10-6.) Finally, Respondents included an "Immigration Detainer – Notice of Action" dated May 28, 2024, which provides notice to Iowa Medical Classification Center ("IMCC") that there is a "final order of removal against the alien." (ECF 10-7.) The Detainer further asks IMCC to notify DHS prior to Petitioner's release or in the event of his death or transfer, and instructs IMCC that federal regulations require short-term

---

[2] Crimes of moral turpitude and aggravated felony, codified at 8 U.S.C. §§ 1227(a)(2)(A)(i) and (iii), respectively.

detention of an alien beyond the time he would otherwise have been released "to provide adequate time for DHS to assume custody." (Id.)

## II.     LEGAL ANALYSIS.

The Court cannot grant Petitioner any relief. Petitioner brings this action under 28 U.S.C. § 2241. As an initial matter, "[t]he writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988). Here, Petitioner is in state custody for committing state crimes. He appears to want relief from the consequences of a detainer filed by DHS, a federal agency. But "[t]he filing of an INS[3] detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus." *Id.* "Because the federal Respondents do not have physical custody of Petitioner, they cannot provide the relief he seeks, and the petition must be dismissed." *Richards v. Holder,* No. CIV. 10-4128, 2011 WL 1302263, at *2 (D. Minn. Apr. 6, 2011) (dismissing § 2241 petition where state intimate was subject to a federal immigration detainer and final order of removal because "an immigration detainer filed with state prison authorities is not equivalent to federal custody for habeas corpus purposes").

To the extent Petitioner is asking this Court to review the merits of the deportation order, the petition again must be denied. Congress has specifically and intentionally limited federal court review of removal orders. *See Thigulla v. Jaddou*, 94 F.4th 770, 774 (8th Cir. 2024) (citing 8 U.S.C. § 1252(a)(2)(B)). Even in those limited circumstances, only federal courts of appeals may review orders of removal. *Skurtu v. Mukasey*, 552 F.3d 651, 655 (8th Cir. 2008) ("The REAL ID Act 'place[s] exclusive review of orders of removal with circuit courts.'") (quoting *Haider v. Gonzales*, 438 F.3d 902, 905 (8th Cir. 2006)). And even then, federal courts of appeals are limited in the issues they may review and the timing of such review. *See Mohamed v. Bondi*, 137 F.4th 692, 694 (8th Cir. 2025) ("[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii)." (quoting 8 U.S.C. § 1252(a)(2)(C)); *Zongo v. Garland*, 71 F.4th 656, 660 (8th Cir. 2023) (recognizing that court of appeals has "jurisdiction to review final orders of removal

---

[3] The Immigration and Naturalization Service ("INS") is a predecessor to ICE. *See Bahena Escobar v. Holder*, No. CIV.09-3717, 2010 WL 1389608, at *1 (D. Minn. Mar. 9, 2010), *report and recommendation adopted*, No. CIV.09-3717, 2010 WL 1389606 (D. Minn. Mar. 31, 2010)

only if 'the alien has exhausted all administrative remedies available to the alien as of right.'" (quoting *Agha v. Holder*, 743 F.3d 609, 616 (8th Cir. 2014) and 8 U.S.C. § 1252(d)(1))); §§ 1252(b)(1)–(2) ("The petition for review must be filed not later than 30 days after the date of the final order of removal. . . . [and] shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). This Court does not have jurisdiction to review Petitioner's order of removal from July 2021.

To the extent Petitioner seeks relief because he believes he is being improperly denied certain prison benefits[4] (*see, e.g.*, ECF 1, p. 2), a federal habeas action is not the vehicle to obtain such relief. *See Spencer v. Haynes*, 774 F.3d 467, 470–71 (8th Cir. 2014) (concluding that "a habeas petition is not the proper claim to remedy [petitioner's] alleged injury" relating to conditions of confinement). Nor, in any event, has Saad alleged sufficient facts to state a claim for relief anyway. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) ("Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'").

Petitioner also moves for counsel. However, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). Here, because the Court lacks jurisdiction and Petitioner has not pled facts showing even an arguable claim to relief, the Court will not appoint counsel or set the matter for a hearing. *See Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022) ("Without jurisdiction over the § 2241 petition, the district court could not 'entertain' [petitioner's] petition and therefore did not abuse its discretion in denying [petitioner] an evidentiary hearing.").

## III.    CONCLUSION.

Respondents' Motion to Dismiss (ECF 10) is GRANTED. Petitioner's Motion for Leave to Proceed in forma pauperis (ECF 6) is GRANTED. Petitioner's Amended Petition for Writ of Habeas Corpus (ECF 7) is DENIED. His Motion to Appoint to Counsel (ECF 9) is DENIED AS MOOT. The Clerk of Court is directed to enter judgment for Respondents and close the case.

---

[4] Notably, the detainer states that it "should not impact decisions about the alien's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters." (ECF 10-7.)

**IT IS SO ORDERED**.

DATED this 29th day of December, 2025.

_____
STEPHEN H. LOCHER
District Judge